IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY NIX**                                                                                                                        **PLAINTIFF**

**v.**                                      **CAUSE NO. 1:17CV286-LG-RHW**

**WAL-MART STORES EAST, L.P.**                                   **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the [27] Motion for Summary Judgment filed by the defendant, Wal-Mart Stores East, L.P., in this premises liability case. The issues have been fully briefed. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury. Accordingly, the summary judgment motion will be granted and this case dismissed.

BACKGROUND

Henry Nix alleges that while he was shopping in the Wal-Mart store in Lucedale, Mississippi, he "slipped on a wet substance near self-checkout in the store." (Compl. 2, ECF No. 1-1.) He claims to have "immediately experienced severe and traumatic knee and hip pain and immediately sought treatment." (*Id.*) Wal-Mart seeks summary judgment on the basis that Nix has produced no evidence showing that it is liable for his injuries under Mississippi premises liability law.

THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

PREMISES LIABILITY

There is no question that Mississippi law classifies Nix as a business invitee on the premises of Wal-Mart at the time of his alleged injury. *Little by Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998) ("An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage."). The duty owed by a premises owner to a business invitee is the duty "to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner knows of, or should know of, in the exercise of reasonable care." *Hartford v. Beau Rivage Resorts, Inc.*, 179 So. 3d 89, 91 (Miss. Ct. App. 2015) (citation omitted). However, "the owner/occupier is not an insurer of the invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee." *McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 107 (Miss. Ct. App. 2012) (citation omitted). Mere proof of an injury by a business invitee "is not the basis for premises liability, rather negligence of the business owner must be shown." *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439

(Miss. Ct. App. 2007) (citation omitted).  To succeed on a premises liability claim, the plaintiff must show: (1) a negligent act by the defendant caused the plaintiff's injury; or, (2) the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant.  *Garson v. Circus Circus Miss., Inc.*, 135 So. 3d 932, 934 (Miss. Ct. App. 2014) (citations and quotation marks omitted).

## DISCUSSION

Nix testified that his fall occurred as "I walked in the place.  And this girl had a mop, mopping water up; didn't have no sign down there saying wet floor of whatever, whatever, whatever.  And the next news I know, I'm on the floor." (Pl. Resp. Ex. A, at 58, ECF No. 31-1.)  He testified that it had been sprinkling outside, but "[i]t wasn't enough for them to be mopping water up in there." (*Id*. at 59.)  He testified that he slipped "where the girl was mopping the floor at the second entrance." (*Id*. at 62.)  She was mopping "[r]ight there in front of the door" and there were no caution cones at that entrance. (*Id*. at 67-68.)  Nix testified that he fell about seven or eight feet from the entrance and very close to the mopping woman – perhaps within three feet – and she told him she had been "mopping all morning, trying to keep the water off the floor." (*Id*. at 66-67, 74.)  He speculated that the water was from a leaky roof because he felt it couldn't have come from people tracking it in; they were wiping their feet on the mats placed at the entrance.

-3-

(*Id*. at 84-85.) In addition to his testimony, Nix provided a witness statement from Taylor Everett, who stated "I saw the customer fall and slip then jump up." (Pl. Resp. Ex. B, ECF No. 31-2.)

Wal-Mart provided video of the incident. (*See* Notice of Conventional Filing, ECF No. 29.) The video is from two angles: one shows a direct view of the entrance nearest Nix's fall, and the other shows the check-out area. In the video showing the check-out area, Nix can be seen walking across the front of the store, in front of the cash register area. He falls as he turns the corner to enter the main area of the store to his right, and to his left is the outside entrance.[1] The floor where Nix falls cannot be seen, but within seconds he stands up and appears in view again.[2] A person mopping appears in the check-out area video about four minutes after the fall.

The video of the direct view of the entrance shows Nix when he stands up.[3] Nix talks to gathered Wal-Mart employees, showing them the floor.[4] An employee walks out through the entrance, retrieves a mop from the vestibule, returns, and begins mopping the area with the wet mop.[5] It is apparent that the floor near the entrance is dry, because the action of mopping alters the floor tiles' reflectivity.

---

[1] AA_FRONT_GM_TO_GROC-7/1/2017 at 10:48:57.

[2] *Id*. at 10:49:04.

[3] ENTRY_AND_EXIT_GM-7/1/2017 at 10:49:22.

[4] *Id*. at 10:51.

[5] *Id*. at 10:52:38.

The assistant store manager on duty at the time of the incident provided an affidavit regarding store procedures. (Def. Mot. Ex. 3, ECF No. 28.) Associates were instructed to be on the lookout for spills and potential hazards. (*Id*. at 1.) They were required to carry pocket towels for small spills, and cleaning stations were located throughout the store. (*Id*.) Spills were to be guarded until cleaned or corrected. (*Id*. at 2.) Additionally, managers and maintenance personnel performed sweeps during the day to check for hazards. (*Id*.). The assistant store manager states that he appears on the check-out area video himself, walking directly over the area where Nix fell about nine minutes prior to Nix, at which time he observed the floor to be clean and dry. (*Id*. at 2 (¶8).) Finally, the assistant store manager states that the roof had no leaks in the area Nix fell on the date in question, nor was he aware of there ever being a leak there. (*Id*. (¶9).)

Wal-Mart argues that its video evidence conclusively shows that Nix is unable to substantiate his claim of premises liability. Nix argues that the video "is of poor quality and a poor angle to observe any person mopping and merely shows a limited area of the check-out area." (Pl. Resp. 9, ECF No. 32.) Nix contends that the fact Wal-Mart had someone mopping in the area where he fell shows Wal-Mart's knowledge that a dangerous condition existed. Nix relies on his own testimony above and expected additional testimony from witness Everett.

After carefully reviewing the videos, it is apparent that the area shown from the two angles encompasses the entire area described by Nix. Despite Nix's

testimony that a woman was mopping "right there in front of the door" when he fell, the video of the entrance, which runs for an hour before Nix fell, does not show anyone mopping there before his fall. Similarly, the video of the check-out area does not show a person with a mop, or even a brief glimpse of a mop being used, prior to Nix's fall.

The Supreme Court has instructed that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). It is possible for a videotape to blatantly contradict the plaintiff's version of events, so that no reasonable jury could believe him. *Id.; see also Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013) (holding that contents of video were too uncertain to discount plaintiff's version of events). The Court disregards Nix's version of events because the videotape shows the area in question for an hour before Nix's fall, and there is no sign of a Wal-Mart employee mopping during that time as he testified. No reasonable jury could believe Nix's version of events.

The Court also disregards Nix's offer of expected testimony from the witness, Everett. According to Nix, "Everett will testify that the floor was wet and there were no cones, warning or other markers displayed to warn customers as to the hazard. No customers knew that there was water there." (Pl. Resp. 2, ECF No. 32.) Nix acknowledges that Everett's witness statement in the record does not contain any of these statements; her written statement says no more than that she saw Nix

-6-

slip, fall and jump back up. Nevertheless, Nix contends that the Court should consider her expanded statements as evidence because they have been "disclosed" and come through "emails and telephone conversations with her." (*Id*. at 3.) However, Nix is required to "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). Simply arguing that Everett will testify to her new statements is not evidence satisfying Nix's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Chester v. Assocs. Corp. of N. Am.*, No. 3:97-CV-3186-L, 2000 WL 743679, at *3 (N.D. Tex. May 26, 2000) ("Argument of counsel is not evidence . . . .").

Considering all of the competent summary judgment evidence in the record, the Court concludes that there is no question of material fact for the jury in this case. There is no evidence tending to show that water was on the floor because Wal-Mart committed some negligent act, that Wal-Mart had knowledge of the water on the floor, or that the water was on the floor long enough that Wal-Mart should have known it was there. The evidence shows only that Nix was injured in the Wal-Mart store, which is not sufficient to establish premises liability under Mississippi law. For these reasons, the Motion for Summary Judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [27] Motion for Summary Judgment filed by the defendant, Wal-Mart Stores East, L.P. is

**GRANTED**. Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE